# THE AMERICAN COMMERCIAL COMPANY, a Corporation, Respondent, v. JAMES S. RANDOLPH, Appellant.

### (191 N. W. 779.)

**Attachment — order of sale of attached herd of cattle not shown perishable or likely to depreciate in value, where attached property ample to secure claim, held erroneous.**

In this action the plaintiffs sue to recover $18,000, though they may recover a much smaller sum. They have levied an attachment on property which is amply sufficient to secure their claim and have secured an order for sale of a herd of pure bred live stock worth about twice the amount of their claim. Defendant appeals from such order and from a subsequent order denying a motion to vacate the same. Both orders are reversed.

### Opinion filed December 30, 1922.

Attachment, 6 C. J. § 784 p. 361 n. 76.

Appeal from the District Court of Barnes County, *Cole,* J.
Reversed.

*Lawrence, Murphy & Nilles,* for appellant.

*Young, Conmy & Young,* for respondent.

ROBINSON, J. In this action plaintiffs sue to recover $18,000. They have levied an attachment on lands and on property which appear amply sufficient to secure their claim. The property is in Stutsman county and in Barnes county. In Barnes county, as shown by the inventory of the sheriff, they have levied on 2,168 acres, worth $65 an acre, amounting to $140,940.50; also, crops on said land, $12,300; live stock, $33,000; farm machinery, plows, tractor, threshing outfit and such like, $12,000. The plaintiff obtained an order for the sale of the live stock, including a herd of pure bred shorthorn cattle valued at $39,500 and a herd bull, $10,000. Regardless of any prior liens and claims, it does appear reasonably certain that the property is amply sufficient, and more than sufficient, to secure the plaintiff's claim. Then they have levied an attachment on a large amount of other property in Stutsman county. Defendant appeals from an order directing the sale of the live stock under Comp. Laws, § 7554, and also from an order of November 8, 1922, refusing to vacate the first order. Both orders were made on the pleadings and proceedings and on numerous affidavits

which fairly show that on the trial of the case the claim of plaintiff may be reduced a considerable amount and that the property attached is ample security for any judgment which plaintiff may recover. Indeed, it looks like an excessive levy. The live stock is not perishable property. It is on defendant's farm in Barnes county, where there is ample feed for the same. With good care the live stock will continue to increase in value and the increase in value should be more than the expense of the food and care. There is really no apparent object in forcing the sale of the live stock before judgment, unless to give some one a chance to buy the property at a nominal price. The court will take official notice of the fact that there is now a financial stringency; that responsible men find it difficult to borrow $10,000, and it is still more difficult for a debtor to borrow when his property is attached. The Merchant of Venice was accounted a rich man, and still he found it impossible to borrow three thousand crowns till his three ships came into port richly laden. Furthermore, this is no time to expose for sale any such large and splendid herd of pure-bred stock. Such a herd might be given away or sacrificed, but not sold at any reasonable value. The purpose of the attaching statute is to give the creditor a fair security for payment of such a judgment as he may recover, not to permit him to use the process of the law as a means of oppression by sacrificing attached property. Indeed, in this case it appears to the writer that it is hard to conceive that a creditor should have the nerve to attach so much property and then to ask an order for the sale of such a splendid herd of pure-bred live stock. It is high time for creditors to learn that debtors have some rights which both they and the courts are bound to respect.

Both orders are reversed.

BRONSON, J. (specially concurring). I am of the opinion that the trial court erred in ordering the sale upon attachment and in refusing to vacate its order thereof. Upon the record, the evidence fairly discloses that there exists no reason for an immediate sale of this property in advance of any judgment that may be obtained and that no emergency exists which requires a sale similar to that which obtains concerning perishable property. On the contrary it rather appears that if such sale be had great loss may be sustained affecting not only the

parties to this action but to an industry of great potential value in this state. The orders of the trial court should be reversed and the application of plaintiff for sale of the property upon the attachment dismissed.

GRACE, J., concurs.

CHRISTIANSON, J. (dissenting). The situation presented in this case is somewhat perplexing. There is room for doubt as to whether the live stock should be sold. The record is quite voluminous,—lengthy affidavits were submitted on both sides; there are many incidents and facts having a direct bearing on the question under consideration, to which no reference has been made in the majority opinion. In the very nature of things, the determination of the question whether attached perishable property, or live stock, should, or should not, be sold before judgment is entered in the action, is one which rests largely in the sound judicial discretion of the trial court. In this case, the matter was fully submitted to the trial court; that court seems to have given the matter careful and conscientious consideration, and I am not prepared to say that it abused its discretion in making the order which it did.

BIRDZELL, Ch J., concurs.